JUDGE'S COPY

Copy 7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL MARC, | : | CIVIL NO. 1:CV-00-1828 |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| IMMIGRATION AND NATURALIZATION SERVICE, | : | |
| Respondent | : | |

FILED
HARRISBURG, PA

**RESPONDENT'S RESPONSE TO THE PETITION
FOR WRIT OF HABEAS CORPUS**

NOV 15 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

I.   **INTRODUCTION**

Petitioner Samuel Marc ("Marc") filed the instant Petition for Writ of Habeas Corpus on October 16, 2000. On October 23, 2000, the Court issued an Order to Show Cause directing Respondent Immigration and Naturalization Service (INS) to respond to the allegations in the petition. Presently, the INS files its response to the petition.

Marc is a citizen and native of Haiti. Presently, Marc is incarcerated at the York County Prison. Marc is subject to a final removal order dated December 9, 1999. (Ex. 1.)

Presently, Marc contests his continued detention by the INS. The Third Circuit recently addressed this issue in the context of an excludable alien, and joined six other circuits[1] in

---

[1] See Zadvydas v. Underdown, 185 F.3d 279, 294-95 (5th Cir. 1999); Parra v. Perryman, 172 F.3d 954, 958 (7th Cir. 1999); Guzman v. Tippy, 130 F.3d 64 (2nd Cir. 1997); Gisbert v. U.S. Attorney General, 988 F.2d 1437, 1447 (5th Cir. 1993); Alvarez-Mendez v. Stock, 941 F.2d 956 (9th Cir. 1991); Garcia-Mir v. Meese, 788 F.2d 1446 (11th Cir.); Palma v. Verdeyen, 676 F.2d 100, 103-104 (4th Cir. 1982). See also Barrera-Echavarria v.

holding that criminal aliens may be detained by the INS for lengthy periods when removal is beyond the control of the INS and when appropriate provisions for parole are available. Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999). This Court's decision in Martinez v. INS, 97 F. Supp.2d 647 (M.D. Pa. 2000) (Caldwell, J.), extended Ngo's reasoning to deportable aliens like Marc.

## II. FACTUAL BACKGROUND

Marc entered the United States as an immigrant without a visa on December 20, 1979 at Miami, Florida. (Ex. 2.) On November 20, 1997, he was convicted of the crime of Assault, in the Second Degree, in violation of Section 120.05 (of the New York State Penal Law). (Ex. 3.) On September 22, 1999, he was charged as an alien who is removable under §212(a)(7)(A)(i)(I) and §212(a)(2)(A)(i)(I) of the Immigration and Naturalization Act and placed in removal proceedings. (Exh. 2.) On December 9, 1999, he was ordered removed from the United States by an Immigration Judge. (Ex. 1.) On December 22, 1999, Marc appealed the removal decision of the Board of Immigration Appeals. (Ex. 4.) The appeal was dismissed on May 31, 2000. Id.

## III. ARGUMENT

The legality of Marc's detention pending his removal from the United States is governed by the principles articulated by

---

Rison, 44 F.3d 1441, 1450 (9th Cir.)(en banc), cert. denied, 116 S.Ct. 479 (1995)("An excludable alien ... has no due process rights regarding his admission or exclusion ...."). See also In re Mariel Cubins, 822 F.Supp. 192, 195-96 (M.D.Pa. 1993)(continued detention pending deportation does not violate aliens' due process rights).

2

the Third Circuit in Ngo and the Court in Martinez. As noted, because Marc possesses a final removal order, he is presently detained pursuant to 8 U.S.C. § 1231. In Ngo, the Third Circuit held that excludable criminal aliens may be detained by the INS for lengthy periods when removal is beyond the control of the INS and when appropriate provisions for parole are available. See Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999).

In Ngo, *supra*, the Third Circuit held that the detention of aliens for prolonged periods when the countries of origin refuse to allow their return is constitutionally and statutorily permissible if the INS provides individualized periodic review of eligibility for release on parole. Id., at 392, 394-98. The Circuit went on to analyze the detailed Interim Procedures governing the periodic review applicable to aliens in INS custody. These procedures, which are set forth in their entirety as an appendix to the Ngo decision, require review during the first 90 days after entry of a final removal order and every six months thereafter. The procedures require thirty days written notice to the detainee under review, and require that the notice specify the factors to be considered in determining whether the detainee should be released. Under the procedures, the detainee is entitled to present any relevant information, in writing, electronically, by mail, or in person. Further, the detainee is entitled to be represented by an attorney or other person. See Ngo v. INS, Appendix, 192 F.3d at 400-401.

3

After carefully reviewing the Interim Procedures, the Third Circuit held:

> We have reviewed these rules carefully and conclude that conscientiously applied, they provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal.
>
> \* \* \* \*
>
> Among other things, the rules require an individualized analysis of the alien's eligibility for parole, present danger to society and willingness to comply with the removal order. Moreover, they do not result in placing additional cases on the already overloaded dockets of immigration judges.
>
> \* \* \* \*
>
> Our reading of the Interim Rules suggests that they will encourage good faith review. So long as petitioner will receive searching periodic reviews, the prospect of indefinite detention without hope for parole will be eliminated. In these circumstances, due process will be satisfied.

Id. at 398-399.

On December 30, 1999, the Third Circuit amended the Ngo decision, making it clear that the decision was intended to apply only to *excludable* aliens, and that the Court did not intend to express an opinion with regard to *deportable* aliens. However, nothing in the rationale of the Ngo decision suggests that the Third Circuit will find the Interim Procedures constitutionally inadequate when the Court is faced with a case involving a deportable alien, such as Marc. Indeed, in Martinez, the Court extended Ngo's reasoning to deportable aliens.

4

In this case, the INS has sought travel documents for Marc from Haitian authorities (Ex. 5.) The Haitian authorities have yet to respond to the INS request. As of the date of this filing, INS has advised the undersigned that Marc has been issued his thirty day notice of review of custody. At this time, the INS is unable to provide the undersigned with a copy of the document.

        Respectfully submitted,

        DAVID M. BARASCH
        United States Attorney

By: _____
        JOSEPH J. TERZ
        Assistant U.S. Attorney
        P.O. Box 11754
        Harrisburg, PA 17108-1754
        (717) 221-4482
        Fax: (717) 221-2246

Date:   November 15, 2000

1

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:   Case No.: A 23 610 770

MHRC, Samuel   Docket: York

RESPONDENT   IN ~~DEPORTATION~~ PROCEEDINGS
Removal

Pro se

**ORDER OF THE IMMIGRATION JUDGE**

This is a summary of the oral decision entered on _____.
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

[X] The respondent was ordered deported to _pursuant to § 241(b)(2) INA_.

[ ] Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____.

[ ] Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _____ or _____.

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Proceedings were terminated.

[ ] The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under Section 246.

[ ] Other _____

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_____
Immigration Judge

Date: 12-9-99

Appeal: RESERVED/WAIVED (A) I/B )   1-10-2000

Form EOIR - 37
REV. - JUNE 93

**2**

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No.   A23 610 770

In the Matter of:

Respondent: __MARC, Samuel__   currently residing at:
101A South Hamilton Street, Poughkeepsie, New York   N/A
(Number, street, city, state and zip code)   (Area code and phone number)

AKA: ☐ NO ☒ YES - SEE ATTACHED I-831

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are Deportable for the reasons stated below.

The Service alleges that you:

**SEE ATTACHED I-831 FOR ALLEGATIONS**

On the basis of the forgoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**SEE ATTACHED I-831 FOR PROVISION(S) OF LAW**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE
(Complete Address of Immigration Court, Including Room Number, if any)

on TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE at TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE to show why you should not be removed from the United States based on the charge(s) set forth above.
(Date)   (Time)

*James J. Mooney* (signature)

Acting Deputy Assistant District Director for Investigations, NY NY
(Signature and Title of Issuing Officer)

New York, New York
(City and State)

Date: 9/22/99

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or Deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

X _Samuel [signature]_
(Signature of Respondent)

Before:

+S/[signature]
(Signature and Title of INS Officer)

Date: 09/30/99

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___09/30/99___ (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[X] in person   [ ] by certified mail, return receipt requested   [ ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the ___ENGLISH___ language of the time and place of his or her hearing and of consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _Samuel [signature]_     S/A [signature]
(Signature of Respondent if Personally Served)    (Signature and Title of Officer)

Form I-862 (Rev. 4-1-97)

**U.S. Department of Justice**
Immigration and Naturalization Service                     Continuation Page for Form  I-862

| Alien's Name | File Number | Date |
|---|---|---|
| MARC, Samuel | A23 610 770 | September 22, 1999 |

## ALLEGATIONS:

1. You are not a citizen or national of the United States; A

2. You are a native of Haiti and a citizen of Haiti; A

3. You entered the United States at Miami, Florida on or about December 20, 1979; A

    EWI/BOAT

4. You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document; A

5. You were convicted of the crime of Assault, in the Second Degree, in violation of Section 120.05( of the New York State Penal Law Pursuant to a judgment entered on or about November 20, 1997 by the County Court of the State of New York, County of Dutchess, under Indictment Number 199-97; A

## CHARGES:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as amended, as an immigrant not in possession of a valid unexpired immigrant visa, border crossing card, or other valid entry document required by the Act.

Section 212(a)(2)(A)(i)(I) off the Immigration and Nationality Act, as amended, as an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense).

**AKA:** SAMUEL, Marc

| Signature | Title |
|---|---|
| James J. Mooney | Acting Deputy Assistant District Director investigations |

U.S. Department of Justice

Immigration and Naturalization Service

# Warrant for Arrest of Alien

File No.    A23 610 770

Date:    9/22/99

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

MARC, Samuel
(Full name of alien)

an alien who entered the United States at or near   Miami, Florida   on
(Port)

12/20/79   is within the country in violation of the Immigration laws and is
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_James J. Mooney_
(Signature of authorized INS official)

James J. Mooney
(Print name of official)

Acting Deputy Assistant District Director for Investigations, NY NY
(Title)

**Certificate of Service**

Served by me at _26 Federal Plaza N.Y. N.Y 10278_ on _09/30/99_ at _13:00_ am.
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

_____
(Signature of officer serving warrant)

SPECIAL AGENT
(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

3

Case 1:00-cv-01828-WWC    Document 7    Filed 11/15/2000    Page 13 of 20

# SENTENCE AND COMMITMENT

STATE OF NEW YORK
(SUPREME) (COUNTY) COURT, COUNTY OF __DUTCHESS__

Hon. __THOMAS J. DOLAN__   Presiding

Court Reporter: __C. JOHNSON__

THE PEOPLE OF THE STATE OF NEW YORK
VS
__SAMUEL, MARC__

INDICTMENT # / SCI # __199/97__

INDICTED FOR: __Assault 2°-D Fel.-120.05(2) PL__

SEX __M__   DOB __9/9/61__   NYSID # __7050217R__   DATE CRIME COMMITTED __4/26/97__

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF A (FELONY) (MISD) BY (PLEA) (VERDICT) FOR:

| CRIME and # OF COUNTS | LAW | SECTION | MIN. TERM(YRS) | MAX. TERM(YRS) | DEF. TERM |
|---|---|---|---|---|---|
| 1. Assault 2°-D Fel. | PL | 120.05(2) | | | 1 yr. |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

___ Convicted as an Armed Felon   ___ Convicted as a Juvenile Offender   __35__ Age at time crime committed

___ Probation ___ Years   ___ License revoked   ___ A Fine of $ _____   ___ Other (see remarks)

__X__ Mandatory Surcharge $ __150.00__   __X__ Victim's Assistance Fee $ __5.00__

___ THE SENTENCE(S) IMPOSED HEREIN ON ___/___/___ SHALL RUN:

CONCURRENTLY with _____

CONSECUTIVELY with _____

___ Found to be a YOUTHFUL OFFENDER   ___ Found to be a (SECOND) (PERSISTENT) (VIOLENT) Felony Offender

AND THAT SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE

___ Department of Correctional Services of the State of New York until released in accordance with the law, and being a (male) (female) person sixteen or older the (COUNTY SHERIFF) (COUNTY DEPT. OF PUBLIC SAFETY) (NYS DEPT. OF CORRECTIONAL SERVICES) is directed to deliver (HIM) (HER) to the custody of the NYS Department of Correctional Services as provided in 7 NYCRR Part 103.

___ Division for Youth of the State of New York in accordance with the law being a (MALE) (FEMALE) person LESS than sixteen (16) years of age at the time the crime was committed.

__DUTCHESS__ County Jail (correctional facility).

__X__ TO BE HELD UNTIL THE JUDGMENT OF THE COURT IS SATISFIED

__X__ TO THE NEW YORK STATE DEPT. OF CORRECTIONAL SERVICES PURSUANT TO SECTION 60.35 OF THE PENAL LAW OF THE STATE OF NEW YORK, A MANDATORY SURCHARGE AND VICTIM'S ASSISTANCE FEE IN THE AMOUNT OF $ __155.00__ HAS BEEN IMPOSED AND, TO DATE, THE DEFENDANT HAS FAILED TO PAY SAID AMOUNT.

REMARKS: _____

DEFENDANT'S ADDRESS: __11 N. Hamilton St., Poughkeepsie, NY 12601__

___ AMENDED COMMITMENT   ORIGINAL SENTENCE DATE __11/14/97__

A TRUE EXTRACT FROM THE MINUTES

DATE: __11/20/97__   CLERK: [signature]   SIGNATURE: [signature]   TITLE: Chief Clerk

CERTIFIED JAIL TIME CREDIT: _____

4



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

RECEIVED
DEPARTMENT OF JUSTICE

2000 JUN -2 P 1: 00

LITIGATION-PHI/YORK

| | |
|---|---|
| **MARC, SAMUEL**<br>**INMATE # 55803 / A23 610 770**<br>**3400 CONCORD ROAD**<br>**YORK, PA 17402-0000** | **INS LIT./York Co. Prison/YOR**<br>**3400 Concord Road**<br>**York, PA 17402** |

Name: MARC, SAMUEL                                  A23-610-770

<u>D</u>ate of this notice: 05/31/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
    HOLMES, DAVID B.



**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File:   A23 610 770 - York

Date:   MAY 31 2000

In re:  SAMUEL MARC

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ORDER:

PER CURIAM. The respondent has advised the Board that he withdraws his appeal in this case. 8 C.F.R. § 3.4. Since there is nothing now pending before the Board,

IT IS ORDERED that the record be returned to the Immigration Court without further action.

_____
FOR THE BOARD

5



**U.S. Department of Justice**

Immigration and Naturalization Service
Philadelphia District

3400 Concord Road
York, PA 17402

June 8, 2000

Embassy of the Republic of Haiti
2311 Massachusetts Avenue, NW
Washington, DC 20016

Dear Mrs. Depestre,

Please accept this letter and supporting documentation as a formal request for an emergency travel document on behalf **Mr. Samuel MARC A23 610 770** a citizen and native of Haiti.

**Mr. Marc** was ordered deported by an immigration judge on December 9, 1999. He appealed the decision to the Board of Immigration Appeals however, the appeal was dismissed on May 31, 2000. He is now in INS custody and ready for immediate removal to his native country of Haiti.

Once the Service receives notice that a travel document is ready to by issued, an itinerary for **Mr. Marc** will be confirmed and forwarded to the office issuing the travel document. Because **Mr. Marc** is detained at Service expense a prompt response would be most appreciated.

Should you need any further information to assist you in this or any other matter, please contact Deportation Officer Jeffrey D. Lynch at 717-840-7245 or fax 717-840-7254.

Very truly yours,

Theodore R. Nordmark
Assistant District Director for Deportation

enclosure:    I-217
              Notice to Appear
              Photographs
              Immigration Judge's Order
              I-205 Warrant of Removal
              Supporting documentation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 15th day of November, 2000, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

> Samuel Marc
> York County Prison
> 3401 Concord Road
> York, PA 17402

                                            */s/ Kathy Enders*
                                            KATHY ENDERS
                                            Legal Secretary