

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL MARC,                    :    CIVIL ACTION NO. **1:CV-00-1828**
                                :
                                :
          Petitioner            :    (Judge Caldwell)
                                :
       v.                       :    (Magistrate Judge Blewitt)
                                :
IMMIGRATION and                 :    **FILED**
NATURALIZATION SERVICE,         :    **SCRANTON**
                                :
          Respondent            :    **MAR 2 9 2001**

PER _____
                      DEPUTY CLERK

## REPORT AND RECOMMENDATION

On October 16, 2000, the Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 seeking release. He is alleging that his prolonged detention while awaiting his deportation back to Haiti has resulted in a violation of his constitutional rights.

## I. Factual Background.

The Petitioner, a native and citizen of Haiti, entered the United States as an immigrant without a visa on December 20, 1979, at Miami, Florida. (Doc. 7, Exhibit 2). On or about November 20, 1997, the Petitioner was convicted of the crime of Assault in the Second Degree, in violation of Section 120.05 of the New York State Penal Law by the County Court of the State of New York, County of Duchess. *Id*.

This conviction was the basis for initiation of removal proceedings under Section 212(a)(7)(A)(I)(I) and Section 212(a)(2)(A)(I)(I) of the Immigration and Nationality Act, as amended. *Id*. The Petitioner was ordered removed to Haiti on December 9, 1999. (Doc. 7, Exhibit 1). The

Petitioner appealed the removal decision.  The appeal was dismissed on May 31, 2000, at which time the Order became a final order.

On June 8, 2000, a formal request for a travel document was submitted by INS to the Embassy of The Republic of Haiti.  (Doc. 7, Exhibit 5).  The Respondent represents that the Haitian authorities have not yet responded to the request.  To date, no travel documents have been obtained.

## II. Discussion.

The issue with which we are presented is whether the Petitioner, who has been ordered removed from the United States, but who cannot be readily returned to his country of origin, can be detained for a prolonged period.  This has been addressed by the Third Circuit in *Ngo v. Immigration and Naturalization Services*, 192 F.3d 390 (3d Cir. 1999).  The *Ngo* Court held as follows:

> [E]xcludable aliens with criminal records as specified in the Immigration Act may be detained for lengthy periods when removal is beyond the control of the INS, provided that the appropriate provisions for parole are available.  When detention is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable.  The fact that some aliens posed a risk of flight in the past does not mean they will forever fall into that category.  Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption.
>
> Measures must be taken to assess the risk of flight and danger to the community on a current basis.  The stakes are high and we emphasize that grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for aliens.

192 F.3d at 398.

While the holding in *Ngo* was confined to excludable aliens, and the court expressed no views on the situation where deportable aliens are involved, at least two district courts in the Middle District have opined that deportable aliens are the same as excludable aliens in this context and therefore, the approach set forth in *Ngo* is equally applicable to deportable aliens. *See Michel v. Immigration and Naturalization Services*, 119 F. Supp. 2d 485, 497 (M.D. Pa. 2000); *Cuesta Martinez v. Immigration and Naturalization Services*, 97 F.Supp. 2d 647. (M.D. Pa. 2000).

The INS has enacted Interim Rules to address prolonged detention which the *Ngo* Court found to "provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal." *Id*. at 399. They include, *inter alia*, "(1) written notice to the alien thirty days prior to the custody review advising that he may present information supporting a release; (2) the right to representation by counsel or other individuals; (3) the opportunity for an annual personal interview; (4) written explanations for a custody decision; (5) the opportunity for review by INS headquarters; (6) reviews every six months; [and] (7) a refusal to presume continued detention based on criminal history." *Id*.

As noted, under *Ngo*, prolonged detention is permitted, even if deportation remains only a remote possibility, as long as there are periodic reviews and the reviews establish the alien is currently a flight risk or danger to the community. The reviews must be "searching." *Ngo*, 192 F.3d at 399. Once they become "grudging and perfunctory," *Id*. at 398, due process is not satisfied.

Although unable to provide the copy of the document to the Court, the Respondent represents that at the time of the filing of the Response, November 15, 2000, the Petitioner had been issued his thirty-day notice of review of custody. On this record, we cannot say whether the

3

Petitioner's review was meaningful or searching.  We can only assume that if there were a problem with the review, the Petitioner would have filed something with the Court. He has not done so and there is no indication that the review was not conducted as scheduled

## III.  Recommendation.

Based on the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 29, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL MARC,                        :        CIVIL ACTION NO. **1:CV-00-1828**
                                    :
                                    :
        Petitioner,                 :
                                    :        (Judge Caldwell)
        v.                          :
                                    :        (Magistrate Judge Blewitt)
                                    :
IMMIGRATION AND                     :
NATURALIZATION SERVICE,             :
                                    :
        Respondent                  :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and** Recommendation dated **March ₂7, 2001.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 29, 2001**

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 30, 2001

Re: 1:00-cv-01828    Marc v. INS

True and correct copies of the attached were mailed by the clerk
to the following:

    Samuel Marc
    CTY-YORK
    York County Prison
    3401 Concord Road
    York, PA  17402

    Joseph J. Terz, Esq.
    U.S. Attorney's Office
    Room 217, Federal Building
    228 Walnut St.
    Harrisburg, PA  17108

cc:
Judge                      ( )
Magistrate Judge           ( )        ( ) Pro Se Law Clerk
U.S. Marshal               ( )        ( ) INS
Probation                  ( )        ( ) Jury Clerk
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              ( )
Federal Public Defender    ( )
Summons Issued             ( ) with N/C attached to complt. and served by:
                               U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( ) with Petition attached & mailed certified mail
                               to:  US Atty Gen  ( )  PA Atty Gen ( )
                                    DA of County ( )  Respondents ( )
Bankruptcy Court           ( )
Other_____   ( )

                                    MARY E. D'ANDREA, Clerk

                                    3/30/01